UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK N.A., as Trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2001-NC4,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN ERAKOVICH and UNITED STATES OF AMERICA,<br><br>Defendants. | 10 C 3843<br><br>Judge Feinerman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff U.S. Bank N.A. filed this action against John Erakovich and the United States, alleging that Erakovich defaulted on his mortgage loan and that the United States has tax liens against Erakovich, and seeking a judgment of foreclosure against Erakovich and a judgment against the United States finding that the tax liens "are junior and subservient to the mortgage lien being foreclosed herein." The complaint purported to premise subject matter jurisdiction on 28 U.S.C. § 1332, the diversity statute, on the ground that U.S. Bank is diverse from Erakovich. But there can be no jurisdiction under § 1332 because the presence of the United States or its agencies as a party destroys diversity. *See Frey v. E.P.A.*, 270 F.3d 1129, 1137 (7th Cir. 2001); *Am. Nat'l Bank & Trust Co. of Chicago v. Sec'y of Housing & Urban Dev. of Wash. D.C.*, 946 F.2d 1286, 1291 (7th Cir. 1991). The court accordingly ordered U.S. Bank to show cause why the case should not be dismissed for lack of subject matter jurisdiction.

U.S. Bank filed a jurisdictional memorandum maintaining that 28 U.S.C. § 1340 and 28 U.S.C. § 2410 allow jurisdiction over its priority claim against the United States. Jurisdiction

-1-

does not arise under 28 U.S.C. § 2410, which merely waives the United States' sovereign immunity in "actions affecting property on which [the] United States has [a] lien" without creating an independent font of subject matter jurisdiction. *See Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002); *Harrell v. United States*, 13 F.3d 232, 234 (7th Cir. 1993). But jurisdiction does lie under 28 U.S.C. § 1340, which provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." As Judge Aspen recognized nearly a quarter century ago, a "suit to determine the validity and priority of [a] federal lien turns on and arises under federal tax laws, namely 26 U.S.C. § 6323." *Pac. Mut. Life Ins. Co. v. Am. Nat'l Bank & Trust Co.*, 642 F. Supp. 163, 164 (N.D. Ill. 1986); *see also Somers v. Luterbach*, 2008 WL 1780936, at *3 (E.D. Wis. Apr. 15, 2008); *In re Garcia*, 2002 WL 31409580, at *2 (S.D. Fla. Sept. 6, 2002); *Viva Ltd. v. United States*, 490 F. Supp. 1002, 1004 (D. Colo. 1980); *City of New York v. Evigo Corp.*, 121 F. Supp. 748, 750 (S.D.N.Y. 1954). The bank's claim against the United States, which seeks to establish the priority of its lien over the tax liens, fits comfortably within § 1340.

The United States contends that jurisdiction does not lie under § 1340 because the complaint alleges that the bank's mortgage was recorded "prior to [the government's] notices of federal tax liens." According to the United States, § 1340 allows for jurisdiction only if the United States disputes priority, and here the United States agrees that U.S. Bank's mortgage has priority over the government's tax liens. The government's position, put simply, posits that if there is no dispute on the merits, there is no subject matter jurisdiction.

That position cannot be reconciled with long-settled precedent confirming that federal jurisdiction does not depend on the merits of the plaintiff's claim:

> As frequently happens where jurisdiction depends on subject matter, the question whether jurisdiction exists has been confused with the question whether the complaint states a cause of action … . To determine whether [the federal] claim is well founded, the District Court must take jurisdiction, whether its ultimate resolution is to be in the affirmative or the negative. If the complaint raises a federal question, the mere claim confers power to decide that it has no merit, as well as to decide that it has.

*Montana-Dakota Utils. Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 249 (1951); *see also Quinn v. Gates*, 575 F.3d 651, 654-55 (7th Cir. 2009). If a defendant cannot defeat subject matter jurisdiction on the ground that the plaintiff has no viable claim, *see Travelers Cas. & Sur. Co. of Am., Inc. v. Nw. Mut. Life Ins. Co.*, 480 F.3d 499, 501 (7th Cir. 2007), it would be surpassing strange if a defendant could defeat jurisdiction by confessing that the plaintiff's claim was a clear winner, as the confession would deprive the court of the jurisdiction necessary to enter the judgment to which the plaintiff clearly was entitled.

The principal case cited by the United States, *Remis v. United States*, 273 F.2d 293 (1st Cir. 1960), is not to the contrary. The United States focuses on this passage from *Remis*:

> [T]he complaint contains no allegation controverting the fact that valid federal liens attached to the property or that they were properly recorded, *and there is no question as to the priority of the mortgage which the government admits*. In sum, the issue raised now clearly is concerned not with the validity or priority of the liens, but with their extinguishment in a manner not permitted by the statutes, and Section 1340 is therefore not applicable.

*Id*. at 294. The emphasized language must be placed in context, with the context being a complaint that neither alleged that the plaintiff's mortgage took priority over federal tax liens nor sought a judgment that the mortgage was superior to the tax liens. Here, by contrast, the complaint alleges that U.S. Bank's mortgage has priority over the government's tax liens and seeks a judgment to that effect. The United States has not identified, and the court has failed to find, a single case holding that § 1340 does not allow jurisdiction in these circumstances.

That leaves for consideration U.S. Bank's state law claims against Erakovich. Section 1367(a) of Title 28 provides that where a district court has original jurisdiction over a claim, the court "shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," including "claims that involve the joinder or intervention of additional parties," 28 U.S.C. § 1367(a), unless original jurisdiction arises under § 1332, *see* 28 U.S.C. § 1367(b). Section 1340 provides federal question jurisdiction over U.S. Bank's claim against the United States, and U.S. Bank's state law foreclosure claims against Erakovich indisputably are part of the "same case or controversy" as the federal claim. *See Fritz v. Coffey*, 2008 WL 2444552, at *3 (N.D. Ind. June 16, 2008) (asserting jurisdiction over state law claims closely related to claim that plaintiff's lien has priority over federal tax liens). It follows that supplemental jurisdiction lies over the bank's state law claims against Erakovich.

For these reasons, the order to show cause is discharged. Because the government has expressed its agreement with U.S. Bank's claim that the bank's mortgage has priority over the tax liens, U.S. Bank should consider expeditiously seeking judgment on that claim.

November 24, 2010

_____
United States District Judge